1  Janice E. Smith (SBN 3816)
2  **PRICE LAW GROUP, APC**
   420 S. Jones Blvd.
3  Las Vegas, NV 89107
4  (702) 794-2008 Telephone
   (702) 794-2009 Facsimile
5  jan@pricelawgroup.com
   Attorneys for Plaintiff
6  BART MARTINEZ

7

8              **UNITED STATES DISTRICT COURT**

9          **DISTRICT OF NEVADA—NORTHERN DIVISION**

10

11  BART MARTINEZ,                     | **Case No.:**

                  Plaintiffs,

12                                      | **COMPLAINT AND DEMAND FOR
        vs.                            | JURY TRIAL**

13

14  GC SERVICES, LP,                   | **(Unlawful Debt Collection Practices)**

15                  Defendants.        | **Demand Does Not Exceed $10,000**

16

17

18              **PLAINTIFF'S COMPLAINT**

19

20     Plaintiff, BART MARTINEZ ("Plaintiff"), through PRICE LAW GROUP,

    APC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

21

22                    **INTRODUCTION**

23     1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15*

24        *U.S.C. 1692 et seq.* ("FDCPA").

25

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k FDCPA.

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Las Vegas, Clark County, Nevada.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Nevada.

11. Defendant is a Delaware Limited Partnership with its headquarters in

Houston, Harris County, Texas. *See* Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See* Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within in the last year, Defendant was hired to collect the alleged debt.

21. Defendant called Plaintiff at 702-250-94xx and 702-736-86xx in an attempt to collect on the alleged debt.

22. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect the alleged debt.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least two voicemail messages regarding the alleged debt.

24. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "Hello this message is for Bart Martinez. My name is [inaudible]. [Inaudible]… please return my call at 866-391-0768, extension [inaudible]. Thank you."

25. Within one (1) year of Plaintiff filing this Complaint, Defendant also left the following voicemail message for Plaintiff, "Hello this message is for Bart Martinez. My name is Esponetta Washington. I would appreciate you calling me back. You can reach me at 866-391-0768, extension 5465. Thank you."

26. Defendant's collectors that left the messages transcribed in paragraphs 24 and 25 were working within the scope of their employment when they communicated with Plaintiff in an attempt to collect a debt.

27. Defendant's messages for Plaintiff do not state that the call is from GC Services, LP.

28. Defendant's messages for Plaintiff do not state that the collector is attempting to collect a debt.

29. Defendant's collectors that left the messages transcribed in paragraphs 24 and 25 are familiar with the FDCPA.

30. Defendant's collectors that left the messages transcribed in paragraphs 24 and 25 know the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

31. Defendant's collectors that left the messages transcribed in paragraphs 24 and 25 know the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

32. The telephone number of 866-391-0768 is one of Defendant's telephone numbers.

33. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

34. Defendant maintained an Account Detail Listing regarding Plaintiff's

Account.

35. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

36. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

37. Defendant recorded all of its telephone communications with third parties regarding the Account.

38. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

39. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

40. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding voicemail messages Defendant leaves for consumers and for third parties.

41. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

42. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

43. Per the nationwide PACER records, Defendant has defended approximately two-hundred (200) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

44. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide Error Affirmative Defense in every Answer it filed in an FDCPA case.

45. In the last three (3) years, Defendant has had over 250 Complaints filed against it with the Better Business Bureau.

46. Defendant has a pattern and practice of not complying with the FDCPA when it leaves voicemail messages for consumers.

47. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:13-cv-11710, *Darci Ravenscraft v. GC Services, LP.*

48. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 2:12-cv-02637, *Manrico Lollie v GC Services, LP.*

49. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00084, *Daniel Lambeth v. GC Services, LP.*

50. Defendant did not comply with the FDCPA when it left the plaintiff a

voicemail message in Case Number 1:13-cv-03570, *Mordechai Pinson v. GC Services, LP.*

51. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 5:13-cv-06093, *Lana Babcock v. GC Services, LP.*

52. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 3:13-cv-00510, *Sheila Pratt v. GC Services, LP.*

53. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-00199, *Thomas Laile v. GC Services, LP.*

54. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 4:13-cv-13744, *Tamara Travers v. GC Services, LP.*

55. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in Case Number 1:13-cv-00984, *David Cruz v. GC Services, LP.*

///
///

# COUNT I

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

56. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

   b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP.

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   d. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

   e. Defendant violated *§1692e(11)* of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

57. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

58. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, BART MARTINEZ, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

59. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

60. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

61. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: September 18, 2013          **PRICE LAW GROUP APC**

By: _____
Janice E. Smith
Attorney for Plaintiff